UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| - against - | Jury Trial Demanded |
| ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys, Usery & Associates, as and for its Complaint herein, alleges as follows:

## Nature of the Action

1. In this action Plaintiff seeks a judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Defendant Zurich American Insurance Company ("Zurich") is obligated to defend and indemnify Jamaica-88th Ave., LLC ("Jamaica") in connection with underlying lawsuit filed by Shafferon Harris against Jamaica and others in the Supreme Court of the State of New York, Nassau County, and an order and judgment directing Defendant to reimburse Plaintiff for the attorneys' fees, disbursements, expenses and other costs incurred in connection with those underlying lawsuits.

## The Parties

2. At all times hereinafter mentioned, Travelers is and was a citizen of the State of Connecticut.

3. At all times hereinafter mentioned, Travelers is and was a corporation, organized and existing under the laws of the State of Connecticut, with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06115.

4. Upon information and belief, at all times hereinafter mentioned, Zurich is and was a citizen of the states of New York and Illinois.

5. 4. Upon information and belief, at all times hereinafter mentioned, Zurich is and was a corporation, organized and existing under the laws of the State of New York, with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196.

6. Upon information and belief, at all times hereinafter mentioned, Zurich is and was licensed and/or authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, Zurich was actually doing business in the State of New York.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events giving rise to the claims took place within this District, including the underlying lawsuit and the alleged accident at issue therein.

## The Underlying Action

10. Allegedly, Shafferon Harris ("Harris") was injured on February 4, 2022 when she slipped and fell on snow and ice in the area of the parking lot (the "Alleged Accident") of 2350 Jericho Turnpike, Garden City, New York (the "Premises").

11. According to Harris, she was leaving the Premises at the time of the accident.

12. Prior to the Alleged Accident, Fitness International, LLC d/b/a LA Fitness ("LA Fitness") had leased the Premises (the "Leased Premises") from Jamaica for use as a health club and fitness facility (the "Lease").

13. Upon information and belief, the Lease required LA Fitness to procure general liability insurance that includes Jamaica as an additional insured on a primary and non-contributory basis.

14. In connection with the Alleged Accident, Harris filed a lawsuit styled Shafferon Harris v. Fitness International, LLC, et al, in the New York State Supreme Court, Nassau County, under Index No. 606967/2022 (this action together with any and all claims, crossclaims, counterclaims, third-party claims asserted therein is collectively referred to herein as the "Underlying Action").

15. The underlying Complaint alleges that the Alleged Accident was caused by the negligence of LA Fitness.

16. The underlying Complaint also alleges that the Alleged Accident arose out of Harris's use of the Leased Premises.

**The Travelers Policy**

17. Travelers issued a commercial general liability policy to named insured Jamaica, with a policy period of October 10, 2021 to October 10, 2022 (the "Travelers Policy").

18. Travelers is and has been paying for the attorneys' fees, disbursements, expenses and other costs incurred by and/or on behalf of Jamaica in the Underlying Action (the "Underlying Litigation Costs").

19. The Travelers Policy contains an "excess" other insurance provision which provides that coverage under the Travelers Policy is excess over any other insurance (whether

primary, excess, contingent or on any other basis) available to Jamaica where, for example, they are an additional insured under any such other insurance.

**The Zurich Policy**

20.     Upon information and belief, Zurich issued a commercial general liability policy to named insured LA Fitness (the "Zurich Policy").

21.     Upon information and belief, the Zurich Policy includes a policy period of August 4, 2021 to August 4, 2022.

22.     Upon information and belief, the Zurich Policy was in full force and effect on the date of the Alleged Accident.

23.     The Zurich Policy includes a $2,000,000 per occurrence limit and a $4,000,000 general aggregate limit.

24.     Upon information and belief, Jamaica is an additional insured on the Zurich Policy.

25.     The Zurich Policy contains a "primary and noncontributory" other insurance provision which provides that coverage for an additional insured under the Zurich Policy is primary to and will not seek contribution from any other insurance available to that additional insured.

**AS AND FOR A FIRST CAUSE OF ACTION**

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof as if fully set forth at length herein.

27.     Jamaica is an additional insured on the Zurich Policy and it is otherwise entitled to coverage under said policy in the Underlying Action.

28. In connection with the Underlying Action, Zurich is required to defend, indemnify and otherwise provide insurance coverage to Jamaica under the Zurich Policy.

29. Travelers previously demanded that Zurich agree to defend and indemnify Jamaica in the Underlying Action, and again herein so demands.

30. Zurich has improperly and without justification failed to provide said coverage to Jamaica.

31. Zurich has breached its obligation to defend and indemnify Jamaica in the Underlying Action.

32. Plaintiff requests and is entitled to a declaration that Zurich is obligated to defend and indemnify Jamaica on a primary basis in the Underlying Action under the Zurich Policy.

33. Plaintiff requests and is entitled to a declaration that any possible coverage provided by the Travelers Policy in connection with the Underlying Action is excess to the Zurich Policy.

34. There exists a real, actual and justiciable controversy between Plaintiff and Zurich with respect to Zurich's coverage obligations to Jamaica under the Zurich Policy in connection with the Underlying Action.

35. Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 hereof as if fully set forth at length herein.

37. Travelers has paid Underlying Litigation Costs in connection with the Underlying Action.

38. The Underlying Litigation Costs have been expended in good faith and in the absence of Zurich's compliance with its duty to defend Jamaica.

39. Plaintiff previously demanded that Zurich reimburse Travelers for the Underlying Litigation Costs, and again herein so demands.

40. Zurich has improperly and without justification failed to provide said coverage to Jamaica and otherwise failed to reimburse Travelers for the Underlying Litigation Costs.

41. Zurich is liable for any and all damages by virtue of its failure to defend and indemnify Jamaica in the Underlying Action, including all attorneys' fees, disbursements, expenses and other costs incurred in connection with the Underlying Action, plus interest.

42. Zurich has an obligation to reimburse Plaintiff for all attorneys' fees, disbursements, expenses and other costs incurred in connection with the Underlying Action, plus interest.

**WHEREFORE,** Plaintiff Travelers demands judgment as follows:

A. Declaring that Jamaica is an additional insured on the Zurich Policy;

B. Declaring that Zurich is responsible to provide a defense to Jamaica on a primary basis and to indemnify Jamaica in connection with the Underlying Action;

C. Declaring that the Travelers Policy is excess to the Zurich Policy;

D. Declaring that Zurich is obligated to reimburse Travelers for all attorneys' fees, disbursements, expenses, and any other costs incurred in connection with the Underlying Action, plus interest;

E. Ordering Zurich to reimburse Travelers all amounts paid for any and all attorneys' fees, disbursements, expenses and other costs incurred in connection with the Underlying Action, plus interest; and

F. For such other and further relief as this Court may deem just, proper, and equitable, including interest, costs and attorneys' fees.

Dated: New York, New York
    April 13, 2026

**USERY & ASSOCIATES**

By: */s/Michele Lo Presti-Wouters*
Michele Lo Presti-Wouters
Usery & Associates
Main: 917.778.6680
Direct: 631.501.3095
Fax: 844.571.3789
Email: mloprest@travelers.com

**Please address all correspondence sent by mail to:**
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
2 Corporate Center Drive
Melville, NY 11747

Attorneys for Plaintiff
Travelers Property Casualty Company of America